Jackson OLANIYI–OKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00185–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 19, 1992.

Rehearing Denied April 23, 1992.

Harry J. Fleming, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, Lois Falk, Houston, for appellee.

Before DUNN, DUGGAN and O'CONNOR, JJ.

## OPINION

DUNN, Justice.

A jury convicted appellant, Jackson Olaniyi–Oke, of the offense of criminal trespass, and punishment was assessed by the trial court at a fine of $2,000 and one-year confinement, probated for two years.

On November 22, 1990, appellant entered the first floor of the Harris County jail and approached the master control center, where Harris County Deputy Gary Davis was on duty. Appellant requested to visit a prisoner housed in the jail. Deputy Davis informed appellant that he must first present a valid Texas driver's license or identification card issued by the Texas Department of Public Safety. Appellant handed Davis fragments of a Texas driver's license. Davis informed appellant that the identification was unacceptable, and denied appellant access to the upper portion of the jail.

Appellant became angry, and Davis asked him to leave the premises. Appellant did not leave, and Davis arrested appellant for the offense of criminal trespass.

In his sole point of error, appellant contends the sentence imposed by the trial court exceeded the maximum allowed by statute. Appellant asserts that the trial court erred by imposing a sentence of one-year confinement and a $2,000 fine, when, as a class B misdemeanor, the offense of criminal trespass was punishable by no more than 180 days confinement and a $1,000 fine.

Section 30.05 of the Texas Penal Code provides:

(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

    (1) had notice that the entry was forbidden; or

    (2) received notice to depart but failed to do so.

  . . . .

(d) An offense under this section is a Class B misdemeanor unless it is committed in a habitation or a shelter center or unless the actor carries a deadly weapon on or about his person during the com-

mission of the offense, in which event it is a Class A misdemeanor.

TEX.PENAL CODE ANN. § 30.05 (Vernon Supp.1992).

At the time appellant was convicted, the Texas Penal Code provided that a person found guilty of a Class A misdemeanor may be punished by a fine not to exceed $2,000, confinement not to exceed one year, or both such fine and confinement. TEX.PENAL CODE ANN. § 12.21 (Vernon 1989)[1]. At the time appellant was convicted, the Texas Penal Code provided that a person found guilty of a Class B misdemeanor may be punished by a fine not to exceed $1,000, confinement not to exceed 180 days, or both such fine and confinement. TEX.PENAL CODE ANN. § 12.22 (Vernon 1989)[2].

The evidence shows that appellant remained in the Harris County jail without effective consent and that he failed to depart after Davis told him to do so. For the offense of criminal trespass to be a Class A misdemeanor, appellant must have carried a deadly weapon or the offense must have occurred in a habitation or shelter center. TEX.PENAL CODE ANN. § 30.05(d) (Vernon Supp.1992). There is no evidence that appellant was carrying a deadly weapon. Therefore, we must determine whether the offense occurred in a shelter center or habitation.

For purposes of chapter 30 of the Texas Penal Code, "habitation" is defined as:

a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:

(A) each separately secured or occupied portion of the structure or vehicle; and

(B) each structure appurtenant to or connected with the structure or vehicle.

TEX.PENAL CODE ANN. § 30.01(1) (Vernon Supp.1992).

Section 351.013(a) of the Texas Local Government Code provides:

[A] cell, compartment, or dormitory in a county jail must have for each prisoner one bunk that is not less than two feet, three inches wide and not less than six feet, three inches long.

TEX.LOCAL GOV'T CODE ANN. § 351.013(a) (Vernon Supp.1992).

We hold that the Harris County jail is a habitation as defined by section 30.01(1). A county jail is a structure that has been adapted for the overnight accommodation of persons because county jails must provide beds for the overnight accommodation of persons. *See* TEX.LOCAL GOV'T CODE ANN. § 351.013(a) (Vernon Supp.1992). A jail is not a "shelter center." TEX.HUM.RES. CODE ANN. § 51.002(1) (Vernon Supp.1992).

Because we find appellant committed the offense of criminal trespass within a habitation, appellant committed an offense constituting a Class A misdemeanor. TEX.PENAL CODE ANN. § 30.05(d) (Vernon Supp. 1992). Therefore, the trial court properly assessed appellant's punishment within the range of punishment authorized to be assessed for a Class A misdemeanor.

Appellant's sole point of error is overruled.

The judgment is affirmed.

---

**1.** Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex.Gen.Laws 907, *amended by* Act of May 14, 1991, 72nd Leg., R.S., ch. 108, § 1, 1991 Tex.Gen.Laws 681.

